THE UNITED STATES DISTRICT COURT

DISTRICT OF UTAH

| | |
|---|---|
| KACIE HERSH,<br><br>　　　　　Plaintiff,<br><br>v.<br><br>BARRY LAWRENCE; MICHELLE BLOMQUIST; SHELEIGH HARDING; and MICHELLE JONES,<br><br>　　　　　Defendants. | REPORT AND RECOMMENDATION<br><br>Case No. 2:24-cv-00955-DBB-JCB<br><br>District Judge David Barlow<br><br>Magistrate Judge Jared C. Bennett |

This case was referred to Magistrate Judge Jared C. Bennett under 28 U.S.C. § 636(b)(1)(B).[1] Before the court is pro se Plaintiff Kacie Hersh's ("Ms. Hersh") complaint.[2] Ms. Hersh has been permitted to proceed in forma pauperis under 28 U.S.C. § 1915 ("IFP Statute").[3] Accordingly, the court reviews the sufficiency of Ms. Hersh's complaint under the IFP Statute. For the reasons explained below, the court lacks subject-matter jurisdiction over Ms. Hersh's claims and, therefore, recommends the dismissal of this action without prejudice.

**BACKGROUND**

Ms. Hersh's complaint names as defendants Judge Barry Lawrence, Commissioner Michelle Blomquist, GAL Sheleigh Harding, and Evaluator Michelle Jones (collectively,

---

[1] ECF No. 6.
[2] ECF No. 1.
[3] ECF No. 7.

"Defendants").[4] Ms. Hersh appears to allege that Defendants mishandled a state court case awarding custody to her children's father.[5] Ms. Hersh alleges that "[t]he courts had no evidence of wrong[-]doing by [Ms. Hersh] and still allowed for the kidnapping to go forward."[6] Ms. Hersh claims that "[t]he evidence that points to the mother being abusive is all based on hearsay and no real evidence."[7] She contends "[t]he commissioner gave orders that no one enforced or followed" and "[t]he [GAL] did not report honestly to the court."[8] She states "[s]ince this event the court has failed to accept the true nature of these event[s] and has withheld a mother f[r]om children she bor[e] and raised for 11 [years]."[9]

## LEGAL STANDARDS

Federal courts are courts of limited subject-matter jurisdiction.[10] Fed. R. Civ. P. 12(b)(1) allows a court to dismiss a complaint for "lack of jurisdiction over the subject matter." The party invoking federal jurisdiction bears the burden of establishing such jurisdiction.[11] To do so, the plaintiff "must allege in [her] pleading the facts essential to show jurisdiction, and must support [those facts] by competent proof."[12] When it appears that a federal court lacks jurisdiction over

---

[4] ECF No. 1.

[5] *Id.* at 4.

[6] *Id.*

[7] *Id.*

[8] *Id.*

[9] *Id.*

[10] *Gad v. Kan. State Univ.*, 787 F.3d 1032, 1035 (10th Cir. 2015).

[11] *Radil v. Sanborn W. Camps, Inc.*, 384 F.3d 1220, 1224 (10th Cir. 2004).

[12] *U.S. ex rel. Precision Co. v. Koch Indus.*, 971 F. 2d 548, 551 (10th Cir. 1992) (second alteration in original) (quotations and citation omitted).

the subject matter, the court must dismiss the action under Fed. R. Civ. P. 12(b)(1).[13] Federal courts "have an independent obligation to determine whether subject-matter jurisdiction exists, even in the absence of a challenge from any party," and thus a court may *sua sponte* raise the question of whether there is subject-matter jurisdiction at any stage of the litigation.[14]

In analyzing Ms. Hersh's complaint, the court is mindful that she is proceeding pro se and that "[a] pro se litigant's pleadings are to be construed liberally and held to a less stringent standard than formal pleadings drafted by lawyers."[15] However, it is not "the proper function of the district court to assume the role of advocate for the pro se litigant."[16] Consequently, the court "will not supply additional facts, nor will [it] construct a legal theory for [a pro se] plaintiff that assumes facts that have not been pleaded."[17] Indeed, as the United States Court of Appeals for the Tenth Circuit stated:

> The broad reading of [a pro se] plaintiff's complaint does not relieve the plaintiff of the burden of alleging sufficient facts on which a recognized legal claim could be based. . . . [C]onclusory allegations without supporting factual averments are insufficient to state a claim on which relief can be based. This is so because a pro se plaintiff requires no special legal training to recount the facts surrounding his alleged injury, and [she] must provide such facts if the court is to determine whether [she] makes out a claim on which relief can be granted. Moreover, in analyzing the sufficiency of the plaintiff's complaint, the court need accept as true only the plaintiff's well-pleaded factual contentions, not [her] conclusory allegations.[18]

---

[13] *Arbaugh v. Y&H Corp.*, 546 U.S. 500, 506 (2006).

[14] *Id.* at 501.

[15] *Hall v. Bellmon*, 935 F.2d 1106, 1110 (10th Cir. 1991); *see also Ledbetter v. City of Topeka, Kan.*, 318 F.3d 1183, 1187 (10th Cir. 2003).

[16] *Bellmon*, 935 F.2d at 1110.

[17] *Dunn v. White*, 880 F.2d 1188, 1197 (10th Cir. 1989) (per curiam).

[18] *Bellmon*, 935 F.2d at 1110 (citations omitted).

After reviewing a pro se plaintiff's complaint under the IFP Statute, the court may dismiss the complaint for failure to state a claim "only where it is obvious that the plaintiff cannot prevail on the facts [she] has alleged and it would be futile to give [her] an opportunity to amend."[19]

## ANALYSIS

### I. The Court Lacks Subject-Matter Jurisdiction to Vacate the State Court Child Custody Order Under the Rooker-Feldman Doctrine.

The *Rooker-Feldman* doctrine deprives this court of jurisdiction to grant Ms. Hersh the relief she seeks. Therefore, the court recommends dismissal of Ms. Hersh's claims without prejudice. "The *Rooker-Feldman* doctrine prevents . . . federal courts from exercising jurisdiction over cases brought by 'state-court losers' challenging 'state-court judgments rendered before the district court proceedings commenced.'"[20] "Thus, in applying the *Rooker-Feldman* doctrine, [the court] focus[es] on whether the lower federal court, if it adjudicated [the] plaintiff's claims, would effectively act as an appellate court reviewing the state court disposition."[21] Ms. Hersh appears to request that this court vacate a decision made by a state court to award custody to her children's father—essentially asking this court to reconsider a matter decided by a state court. The *Rooker-Feldman* doctrine bars this court from serving as an appellate court over the state court's custody order. Therefore, the court lacks subject-matter jurisdiction over this action.

---

[19] *Kay*, 500 F.3d at 1217 (quotations and citation omitted).

[20] *Lance v. Dennis*, 546 U.S. 459, 460 (2006) (quoting *Exxon Mobil Corp. v. Saudi Basic Indus. Corp.*, 544 U.S. 280, 284 (2005)).

[21] *Merill Lunch Bus. Fin. Servs., Inc. v. Nudell*, 363 F.3d 1072, 1075 (10th Cir. 2004).

## II.     Providing Ms. Hersh With an Opportunity to Amend Her Complaint Would Be Futile.

Based on the foregoing, the *Rooker-Feldman* doctrine prevents this court from exercising subject-matter jurisdiction over Ms. Hersh's claims. However, dismissal is proper only "if it is obvious that [Ms. Hersh] cannot prevail on the facts [she] has alleged and it would be futile to give [her] an opportunity to amend."[22] The court concludes there is no set of facts Ms. Hersh could allege that would save her claims from dismissal. Accordingly, providing Ms. Hersh with an opportunity to amend her complaint would be futile. Therefore, the court HEREBY RECOMMENDS that this action be DISMISSED WITHOUT PREJUDICE.

Copies of this Report and Recommendation are being sent to all parties, who are hereby notified of their right to object.[23] The parties must file any objections to this Report and Recommendation within 14 days after being served with a copy of it.[24] Failure to object may constitute waiver of objections upon subsequent review.

DATED this 10th day of February 2025.

BY THE COURT:

_____
JARED C. BENNETT
United States Magistrate Judge

---

[22] *Kay,* 500 F.3d at 1217 (quotations and citation omitted).

[23] 28 U.S.C. § 636(b)(1); Fed. R. Civ. P. 72(b)(2).

[24] 28 U.S.C. § 636(b)(1); Fed. R. Civ. P. 72(b)(2).